19627

The STATE, Respondent, v. James Louis POLLARD, Appellant

(196 S. E. (2d) 889)

*Albert Q. Taylor, Jr., Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Appellant,* ▊

*Messrs. C. Victor Pyle, Sol.,* and *William W. Wilkins, Jr., Asst. Sol.,* of Greenville, *for Respondent,* ▊

May 14, 1973.

LEWIS, Justice:

Appellant was convicted of armed robbery and sentenced to serve a term of twenty (20) years. He has appealed, alleging that the trial judge erred in allowing an investigating officer to testify that he had signed the arrest warrant for appellant upon the basis of information received from sources other than witnesses who testified at the trial.

On December 5, 1971, Irving T. Holtzclaw, while on duty at the service station of Savings Oil Company, Greenville County, South Carolina, was robbed by three black males, one of whom had a gun. Appellant was identified by Holtzclaw at the trial, about six months later, as the black male who carried the gun at the time of the robbery. There was no other evidence to connect appellant with the crime.

One of the investigating officers, Deputy Sheriff Livingston, a witness for the State, testified that he talked to Mr. Holtzclaw, the victim, about four nights after the robbery and that he subsequently signed a warrant for five people, including appellant, charging them with the commission of the crime. (Apparently, appellant was indicted with four others, but was tried alone.) This officer was permitted to further testify, over appellant's objection, that he signed the arrest warrant for appellant and the others "from information received in the investigation" of the case. Thereafter, appellant's counsel, reserving his objection, asked the officer

if he signed the warrant on the basis of information received from the victim of the robbery, and his answer was: "No."

Appellant contends that to allow the officer to testify that he signed the warrant from information received in the investigation amounted to the admission of prejudicial, hearsay testimony. The officer testified that he did not sign the arrest warrant upon information received from the victim. Therefore, his testimony was, in effect, that he had received information from some other source of witnesses as the basis for his signing the warrant. These witnesses, upon whom he relied to issue the warrant, did not testify and appellant contends that he was thereby denied the right to confront the witnesses against him.

The testimony of the officer, that he signed the warrant upon the basis of information received from witnesses who did not testify, was clearly hearsay and inadmissible. The State contends, however, that appellant has no valid ground for complaint because (1) he elicited the testimony in question and (2) he was not prejudiced by its admission in evidence. Neither contention has merit.

Testimony that the officer signed the warrant from information received in his investigation was first elicited by the State and admitted over appellant's objection. Appellant's questions concerning this matter were on cross examination after a proper reservation of the prior objection. Since the cross examination was done under a proper reservation, there was no waiver of appellant's previous objection to the admissibility of the testimony.

Under the particular circumstances of this case, we think that the admission of the testimony was prejudicial. The trial was held about six months after the crime was committed. The question of identity was a crucial issue. The only identification of appellant was by the victim whose testimony was based upon his alleged observation of the appellant from a distance of about fifteen feet for about eight or ten minutes on the night of the robbery, approxi-

mately six months prior to the trial. The victim further testified that he had not seen appellant since the night of the crime. The only effect of the questioned testimony of the officer was to bolster the identification of appellant by conveying to the mind of the jury that there were others who connected appellant with the crime and that, upon the basis of their testimony, he had signed the warrant. This testimony deprived appellant of the right or guaranty of confrontation on a crucial issue in the case and the probabilities of prejudice are such as to require a new trial.

Reversed and remanded for a new trial.

Moss, C. J., and Bussey and Brailsford, JJ., concur.

Littlejohn, J., dissents.

Littlejohn, Justice (dissenting):

I respectfully dissent. In my view, the defendant was not entitled to the right of confrontation; the hearsay evidence rule has not been violated.

On direct examination, the prosecuting attorney asked Deputy Sheriff Livingston these questions:

"Q. Did you take out the warrants in this case, Mr. Livingston?

"A. Yes, I did.

"Q. Did you take it from information you learned in your investigation?"

(Objection made by defense counsel.)

(Question was repeated and objection was denied.)

"A. Yes, sir, I did."

After reserving his objection, defense counsel on cross examination asked the following question:

"Q. Now, I want to ask you one question, and you answer it yes or no, will you, sir. Was this warrant taken on information received from Mr. Holtzclaw?

"A. No, sir."

The hearsay rule merely prohibits one from proving a fact in the trial of a case by reciting that someone made a

statement which if believed would prove that fact. Here, the officer only stated in effect that he took out a warrant based on information which he gained in his investigation. It was not submitted for the purpose of proving that the information he received was correct. It was merely for the purpose of indicating the reason for signing the warrant. The testimony was admissible as far as the hearsay rule is concerned. See 6 Wigmore, Evidence, § 1789 (3rd ed. 1940, Supp. 1972).

A defendant is not entitled to confront all persons who give to police officers information which brings about an arrest warrant. The main and essential purpose of confrontation is to secure for the opponent the opportunity to cross examine. The basic right which the law of confrontation assures to a defendant is the privilege of cross examination.

"The right to subject opposing testimony to cross examination is the right to have the Hearsay rule enforced; for the Hearsay rule is the rule requiring cross examination . . .". 5 Wigmore, Evidence, § 1397 (3rd ed. 1940).

Assuming, without so deciding, that the officer's testimony to the effect that he took the warrant based on information procured, was irrelevant as argued by counsel, there was no prejudice.

It is common knowledge that warrants are taken out by police officers after investigations are made and after information is procured. The fact that a warrant was taken after an investigation was made does not infer guilt any more than the fact that a defendant is being tried infers guilt.

In addition, the question of relevancy is largely within the trial judge's discretion. 9 South Carolina Digest, Evidence, Key No. 99 (1952, Supp. 1972). The record does not show any abuse of discretion, or any likelihood of undue prejudice.

The argument that the jury concluded that this defendant was guilty because inferentially the investigating officer

learned enough about the facts to conclude that there was probable cause to swear out a warrant is, in my view, a far-fetched interpretation of the evidence. I am more inclined to think that the jury concluded that the defendant was guilty because the victim pointed him out as being a participant in the robbery.

I would affirm.