22181

The STATE, Respondent, v. Charles TYSON, Appellant.

(323 S. E. (2d) 770)

Supreme Court

*Deputy Appellate Defender William Isaac Diggs* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

Heard Sept. 12, 1984.

Decided Nov. 12, 1984.

GREGORY, Justice:

Appellant Charles Tyson appeal from convictions for murder and armed robbery. We affirm.

■ The appellant first asserts failure to quash the indictment denied him a speedy trial as guaranteed by the Sixth and Fourteenth Amendments. This exception is without merit.

Tyson was arrested August 8, 1981 and indicted October 29, 1981. He refused to accept appointed counsel, but instead opted to retain private counsel. He was not successful. Finally, on November 19, 1981, counsel was appointed to represent him. The first trial request was made December 4, 1981.

Until March 1982, both the prosecution and the defense worked diligently toward preparing the case. On March 3, 1982, the solicitor received appellant's second trial request; however, twelve days later, appellant moved to be placed under psychiatric observation. This motion was granted and a psychiatric report was received on March 30, 1982.

Appellant was served with a notice of intent to seek the death penalty in April 1982. Appellant then renewed his desire for trial by a writ of *habeas corpus* on May 13, 1982. On May 21, 1982, Judge Waller requested that the South Carolina Court Administration set a special term of court for trial. Preliminary motions were heard on August 30, 1982. Trial began September 13, 1982.

■ Four factors determine the speedy trial issue: (1) the length of the delay; (2) the government's reason for the delay; (3) the time and manner of the defendant's assertion of his rights; and (4) the prejudice suffered by the defendant. *Barker v. Wingo,* 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. (2d) 101 (1972). *State v. Waites,* 270 S. C. 104, 240 S. E. (2d) 651 (1978). The trial judge correctly ruled that there was

no showing of detriment other than the incarceration itself. Nothing in the record suggests the State caused unnecessary delay. It appears that everything possible was done to expedite the case while protecting appellant's rights considering the serious nature of the charges. Furthermore, part of the delay was caused by his initial failure to accept appointed counsel.

Appellant next asserts the trial court erred in admitting items of evidence alleged to have been fruits of a statement taken in violation of appellant's Fifth Amendment rights.

At the time of his arrest, appellant was advised of his full *Miranda* rights by Officer Hobson. Officer Hobson testified that appellant "appeared to understand." Several hours later appellant was again advised of his rights by Detective Friarson; however, the detective failed to tell appellant he had the right to court appointed counsel. Instead, appellant was advised he could talk to an attorney "if he wished." The disputed evidence was found after subsequent questioning.

*Miranda* does not mandate rigidity and an effective equivalent of the warnings can fulfill the requirement. *California v. Prysock,* 453 U. S. 355, 101 S. Ct. 2806, 69 L. Ed. 696 (1980). It would appear that Detective Friarson's warnings meet the effective equivalent standard of the familiar *Miranda* warnings.

However, such a finding is unnecessary to our decision. The earlier warnings given by Officer Hobson negate any defect in the later warnings. The earlier warnings were full *Miranda* warnings. Appellant appeared to understand the warnings.

A waiver of *Miranda* rights is determined from the totality of the circumstances. *State v. Moultrie,* 273 S. C. 60, 254 S. E. (2d) 294 (1979). An express waiver is unnecessary. *North Carolina v. Butler,* 441 U. S. 369, 99 S. Ct. 1755, 60 L. Ed. (2d) 286 (1979). The *Miranda* decision itself suggests an express waiver is unnecessary when the Court stated that after warnings are given *if defendant indicates in any way that he wishes to remain silent,* interrogation must ease. 384 U. S. at 473, 86 S. Ct. at 1627 (emphasis added). Once a valid waiver is effected, the waiver continues until such time as the defendant indicates he wishes to revoke the waiver or it

appears that his will has been overborne and his capacity for self-determination critically impaired. *State v. Moultrie, supra.*

The record clearly establishes that appellant made a valid waiver of his *Miranda* rights. The trial court found, taking all the testimony beyond a reasonable doubt, appellant was given full *Miranda* warnings and that the statements were voluntary. Therefore, this exception is overruled.

Appellant's final assertion of error is that the trial court erred in refusing to charge the jury the law of voluntary manslaughter. This contention is clearly without merit.

Voluntary manslaughter is the unlawful killing of a human being in the heat of passion upon sufficient legal provocation. *State v. Davis,* 278 S. C. 544, 298 S. E. (2d) 778 (1983). Appellant relies on evidence of a struggle as the victim resisted the armed robbery in order to establish the "heat of passion" element; however, there is absolutely nothing to support finding sufficient legal provocation present at the time of the killing. Heat of passion alone will not suffice to reduce murder to voluntary manslaughter. Both elements must be presnt. *State v. Norris,* 253 S. C. 31, 168 S. E. (2d) 564 (1969).

Here, it is clear the victim simply was defending himself against an armed robber and was killed in that attempt. Since there is no evidence from which a jury could infer that appellant was guilty of the lesser offense of voluntary manslaughter, it was not error to refuse the charge. *State v. Funchess,* 267 S. C. 427, 229 S. E. (2d) 331 (1976).

Affirmed.

NESS, A. C. J., HARWELL and CHANDLER, JJ., and CURTIS G. SHAW, as Acting Associate Justice, concur.