478 S.E.2d 687

**Edward GERMAN, Petitioner,**

v.

**The STATE, Respondent.**

No. 24536.

Supreme Court of South Carolina.

Submitted Oct. 17, 1996.

Decided Dec. 2, 1996.

Assistant Appellate Defender Robert M. Dudek, of S.C. Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby, and Assistant Attorney General Teresa A. Knox, Columbia, for respondent.

MOORE, Justice:

Petitioner was convicted of possession with intent to distribute crack cocaine.[1] We granted petitioner a writ of certiorari to review the denial of his application for post-conviction relief (PCR). We reverse and remand for a new trial.

## FACTS

Petitioner was standing on a sidewalk when two undercover agents stopped him and asked if he had any drugs in his possession. Petitioner was searched and no drugs were found on him. Crack cocaine, however, was found in a yard near where petitioner had been standing. One witness testified there were several people around petitioner and when the police approached, they ran away.

In his opening argument, the solicitor stated two undercover drug agents had received several tips that petitioner was distributing or selling crack cocaine: "On April 12, 1991, Agent Poole along with Agent Folk were doing undercover drug operations. Agent Poole had several tips that [petitioner] was distributing or selling crack cocaine. At the time he was given a description of petitioner that would make him easily identifiable. He had a large cast on his arm at the time. It was a very ornate cast." Trial counsel did not object. Agent Poole testified at trial that he "saw [petitioner] standing on the side of the road at the corner of Barhamville and Matthews.... I have been receiving information for a little while—" Trial counsel objected on the ground of hearsay.

---

1. His direct appeal was affirmed. *State v. German*, Op. No. 93–MO–037 (S.C.Sup.Ct. filed February 12, 1993).

The objection was sustained. Trial counsel, however, did not move for a curative instruction or to strike.

## ISSUE

Did the PCR judge err in finding petitioner received effective assistance of counsel?

## DISCUSSION

■ Petitioner contends trial counsel was ineffective. We agree. To establish ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1989).

■ Petitioner alleges trial counsel should have objected to the solicitor's opening remarks and Agent Poole's testimony. Further, he alleges trial counsel should have moved to strike or requested a curative instruction after his objection to Agent Poole's testimony was sustained.

The PCR judge, relying on *State v. Brown,* 317 S.C. 55, 451 S.E.2d 888 (1994), held the statements were admissible to explain why the police first stopped petitioner. In *Brown,* we held statements regarding the defendant's neighborhood were not hearsay because they were not offered to prove the truth of the matter asserted. Rather the statements were offered to explain why the police began their surveillance. *Brown* is distinguishable from the present case. In *Brown,* the statements did not refer specifically to the defendant's character. The statements referred to drug activity in the apartment complex in which the defendant lived.

Here, the statements specifically refer to petitioner and are objectionable.[2] Trial counsel should have objected to these

---

2. In *State v. Pollard,* 260 S.C. 457, 196 S.E.2d 839 (1973), we reversed the defendant's conviction because testimony was admitted that a police officer signed a warrant based upon information received in his investigation. We held the testimony was objectionable hearsay. In *State v. Dennison,* 305 S.C. 161, 406 S.E.2d 383 (Ct.App.1991), the Court of

statements as improper comments on petitioner's character and her failure to do so prejudiced appellant. Accordingly, we reverse the PCR judge's denial of relief and remand for a new trial.

**REVERSED AND REMANDED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

---

Appeals followed *Pollard.* We now hold Pollard and Dennison were incorrectly decided. The statements were not objectionable as hearsay. However, they were objectionable as improper comments on the defendant's character.