481 S.E.2d 150

**The STATE, Respondent,**

v.

**Wayne Gary KIRBY, Appellant.**

Opinion No. 2609.

Court of Appeals of South Carolina.

Submitted Dec. 3, 1996.

Decided Dec. 23, 1996.

Deputy Chief Attorney Joseph L. Savitz, III, of S.C. Office of Appellate Defense, Columbia, for Appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, Columbia; and Solicitor Joseph J. Watson, Greenville, for Respondent.

· ANDERSON, Judge:

Wayne Gary Kirby appeals his convictions for trafficking in heroin and possession of a firearm during the commission of a

violent crime. Kirby contends the trial judge erred in allowing a police officer to testify, over counsel's hearsay objection, about a dispatcher's call, and in refusing to charge unlawful carrying of a pistol as a lesser included offense of possession of a weapon during the commission of a violent crime. We affirm.[1]

## FACTS/PROCEDURAL BACKGROUND

On March 3, 1995, Greenville police officers received a radio message to be on the lookout for a Chrysler New Yorker with South Carolina tag number KBB 875, in which several black males were purportedly traveling with a large quantity of drugs, as well as guns and ammunition. Approximately ten minutes after the alert was issued, the police located the Chrysler parked on the street. No one was in the car. The police immediately began surveillance and thereafter the officers observed several people come out of a house and quickly get into the Chrysler and a red car that was parked nearby.

The police followed the two vehicles; at one intersection, the Chrysler turned one direction while the red car tried to prevent the officers from following. When one of the officers drove around the red car and started following the Chrysler, the red car attempted to collide with the officer. The Chrysler continued to drive away, but was eventually stopped by other officers. As the police approached the stopped Chrysler, a passenger got out and ran away. Kirby, the driver, was removed from the vehicle. Officers stated Kirby appeared "very nervous" and he was "shaking pretty violently."

During a pat-down search, the police found a semi-automatic handgun in Kirby's waistband and several clips loaded with ammunition in his back pocket. Kirby was arrested for unlawful possession of the gun. While searching the car, the police discovered a plastic bag containing 150 individual packages of heroin under the driver's seat. The total weight of the drugs was 7.75 grams.

A jury convicted Kirby of trafficking in heroin and possession of a firearm during the commission of a violent crime.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

He was sentenced to 25 years in prison and a fine of $100,000 for trafficking in heroin, and 5 years, concurrent, for possession of a firearm during the commission of a violent crime. Kirby appeals.

## ISSUES

(1) Did the trial judge err by allowing a police officer to testify about information radioed by a dispatcher on the basis the testimony was hearsay?

(2) Did the trial judge err by refusing to instruct the jury on unlawful carrying of a pistol as a lesser included offense of possession of a firearm during the commission of a violent crime?

## LAW/ANALYSIS

### 1. TESTIMONY BY POLICE OFFICER ABOUT DISPATCHER'S CALL.

■ Kirby contends the trial judge erred by allowing Lieutenant Gary S. McGlocklin of the Greenville Police Department to testify about information radioed to him by a police dispatcher. Kirby contends the testimony was inadmissible hearsay. We disagree.

On direct examination, Lt. McGlocklin stated he and another officer were in a parking lot on Church Street, across from the intersection of Judson and Springer Streets, when a police dispatcher notified him to be on the lookout for a particular vehicle in that area. The solicitor asked the officer what information did he receive regarding the vehicle, and defense counsel promptly objected on the basis of hearsay. The trial judge overruled the objection, and Lt. McGlocklin proceeded to testify as follows:

> The information that . . . came across the police radio was that a 1995 Chrysler New Yorker bearing a South Carolina tag KBB 875 was at the intersection of Judson and Springer and the intersection was across Church Street but it's down an embankment. You can't—it could just barely be seen from where we were and we had already pulled up Church Street aways [sic] and that vehicle was supposedly there, occupied by several black males. It was supposed to have a

large amount of drugs in the car and firearms and clips of ammunitions [sic].

In *United States v. Love*, 767 F.2d 1052 (4th Cir.1985), *cert. denied*, 474 U.S. 1081, 106 S.Ct. 848, 849, 88 L.Ed.2d 890 (1986), the Fourth Circuit rejected the argument that a DEA agent's testimony about the circumstances leading up to an investigation was hearsay, stating:

> In this case, [the agent's] testimony was offered not for its truth but only to explain why the officers and agents made the preparations that they did in anticipation of the appellants' arrest. As such, it was not inadmissible hearsay. *See United States v. Mancillas*, 580 F.2d 1301 (7th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978) ("Whether or not the ... statement was true, the fact that it was made would surely explain the flurry of investigative activity in three states the jury was soon to hear about. For this purpose, outlining the background of the investigation with the evidence not being offered to prove its truth, it could be said not to be nonadmissible as hearsay." (citations omitted)).

*Id.* at 1063-64.

In *State v. Brown*, 317 S.C. 55, 451 S.E.2d 888 (1994), our Supreme Court considered Brown's allegation that testimony by two police officers about receiving information before establishing a surveillance, receiving complaints while in the neighborhood, and being "familiar with" the neighborhood was inadmissible hearsay. The Court examined the applicability of the hearsay rule to testimony concerning police investigations in light of *United States v. Love, supra:*

> Evidence is not hearsay unless it is an out of court statement offered to prove the truth of the matter asserted. *State v. Sims*, 304 S.C. 409, 405 S.E.2d 377 (1991), *cert. denied*, 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992). Additionally, an out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken. *United States v. Love*, 767 F.2d 1052 (1985), *cert. denied*, 474 U.S. 1081, 106 S.Ct. 848, 849, 88 L.Ed.2d 890 (1986). Here, these statements were not entered for their truth but rather to explain why the officers began their surveillance. These

statements are not hearsay and, therefore, the trial judge committed no error in allowing these statements into evidence.

*Id.* at 63, 451 S.E.2d at 894.

In several recent cases, we have held testimony concerning why an investigation or surveillance was undertaken was admissible. *See, e.g., State v. Green,* 318 S.C. 426, 458 S.E.2d 73 (Ct.App.1995) (in drug prosecution, testimony that officers were in the neighborhood where defendant was found because the officers had received complaints from residents concerning drug activity was not hearsay; the complaints were offered to explain why the officers were in the area stopping individuals and asking them for identification, not for the truth of the matter asserted). In *State v. Johnson,* 318 S.C. 194, 456 S.E.2d 442 (Ct.App.1995), we held that testimony referring to the area where the defendant's alleged drug transaction took place as a "high drug traffic area" was admissible as relevant evidence explaining why law enforcement was in that particular area, despite counsel's objection that the State was using the prior crimes of others to imply the defendant must also be a drug dealer. We stated:

Evidence explaining why law enforcement is in a particular area has been held to be relevant information for the jury to consider. *State v. Davis,* 309 S.C. 56, 419 S.E.2d 820 (Ct.App.1992). In a recent case challenging similar testimony on the grounds of hearsay, our Supreme Court held that such testimony was "not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken." *State v. Brown,* [317 S.C. 55], 451 S.E.2d 888 (1994) (citing *United States v. Love,* 767 F.2d 1052 (4th Cir.1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 890 (1986)). Inferentially, the court recognized such testimony as relevant and admissible.

*Id.* at 197, 456 S.E.2d at 444.

In *State v. Sims,* 304 S.C. 409, 405 S.E.2d 377 (1991), *cert. denied,* 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992), our Supreme Court considered Sims's argument that the arresting officer's testimony should have been excluded as hearsay. The arresting officer testified that when he arrived at the scene, a woman met him and said, "He has a gun," and

"He's going to kill my sister," speaking of Sims. The officer further testified that as he approached Sims, Sims reached toward his pocket, and the officer had to forcibly restrain Sims's hand while he retrieved a gun from Sims's pocket. The Court there stated:

> Here, the officer's testimony was not hearsay as it was not offered to prove that Sims intended to kill the woman in question. Rather, the evidence was offered to explain the officer's actions in restraining Sims when he reached towards his pocket. The evidence was not hearsay and was properly admissible.

*Id.* at 420, 405 S.E.2d at 383.

Kirby argues the testimony in his case is similar to that found objectionable in *State v. Pollard*, 260 S.C. 457, 196 S.E.2d 839 (1973) in which an officer testified, over objection, that he signed an arrest warrant for Pollard and several other persons based on "information received in the investigation" of the case. The Court ruled the testimony was inadmissible hearsay because it indicated the officer signed the warrant based on information received from witnesses who did not testify. The Court stated identity was a crucial issue in Pollard's prosecution for armed robbery, and the questioned testimony served to bolster the identification of Pollard as the perpetrator because it implied there were persons besides the victim who connected Pollard to the crime. *Pollard* is distinguishable from *State v. Brown, supra,* and *United States v. Love, supra,* in that the disputed testimony was offered for its truth and implicated the defendant in particular, instead of giving general background information on the reasons for the officer's investigation. Accordingly, *Pollard* is not dispositive.

We find Lt. McGlocklin's testimony concerning the dispatcher's announcement was not offered for the truth of the matter asserted, but rather, served only to explain the reason for the initiation of police surveillance of the vehicle in question. Therefore, we hold the testimony was not hearsay and was properly admitted. *United States v. Love, supra; State v. Brown, supra.*

■ Further, we note that even if Lt. McGlocklin's statements were considered hearsay, Corporal J.C. Bradley of the Greenville Police Department testified *without objection* that a

call came in from a police dispatcher regarding a Chrysler New Yorker which "was said to be occupied by three black males with a large quantity of narcotics and weapons in the vehicle." Since Kirby did not object to this similar testimony from Cpl. Bradley, the testimony of Lt. McGlocklin was merely cumulative and its admission was harmless beyond a reasonable doubt. *See State v. Johnson*, 298 S.C. 496, 381 S.E.2d 732 (1989) (the admission of improper evidence is harmless where it is merely cumulative to other evidence). *Accord State v. McFarlane*, 279 S.C. 327, 306 S.E.2d 611 (1983); *State v. Blackburn*, 271 S.C. 324, 247 S.E.2d 334 (1978); *State v. Wingo*, 304 S.C. 173, 403 S.E.2d 322 (Ct.App.1991); *State v. Newell*, 303 S.C. 471, 401 S.E.2d 420 (Ct.App.1991).

## 2. FAILURE TO CHARGE UNLAWFUL CARRYING OF A PISTOL.

Kirby contends the trial judge erred by refusing to instruct the jury on the charge of unlawful carrying of a pistol as a lesser included offense of possession of a firearm during the commission of a violent crime. We disagree.

Kirby was originally indicted for trafficking in heroin, possession of a firearm during the commission of a violent crime, and unlawful carrying of a pistol. Prior to trial, defense counsel moved to dismiss the indictment for unlawful carrying of a pistol, arguing the charge was "unduly repetitious." The trial judge granted the motion and dismissed the indictment for unlawful carrying of a pistol and the trial proceeded on the two remaining charges.

At the conclusion of the trial, Kirby requested an instruction on unlawful carrying of a pistol as a lesser included offense of possession of a firearm during the commission of a violent crime. The trial judge denied the request, stating he was not convinced that it was a lesser included offense.

An indictment will sustain a conviction for a lesser offense only if the lesser offense is included within the greater charged offense. *State v. Fennell*, 263 S.C. 216, 209 S.E.2d 433 (1974).

A trial judge is required to charge the jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser, rather than

the greater offense. *State v. Tyson*, 283 S.C. 375, 323 S.E.2d 770 (1984); *State v. Gandy*, 283 S.C. 571, 324 S.E.2d 65 (1984).

*State v. Mathis*, 287 S.C. 589, 594, 340 S.E.2d 538, 541 (1986). *Accord State v. Murphy*, 322 S.C. 321, 471 S.E.2d 739 (Ct.App. 1996).

The test for determining when a crime is a lesser included offense of the crime charged is whether the greater of the two offenses includes all the elements of the lesser offense. *State v. Bland*, 318 S.C. 315, 457 S.E.2d 611 (1995); *Murdock v. State*, 308 S.C. 143, 417 S.E.2d 543 (1992); *State v. Suttles*, 279 S.C. 87, 302 S.E.2d 338 (1983). If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater. *State v. Bland, supra.*

The offense of unlawful carrying of a pistol is prohibited by S.C.Code Ann. § 16–23–20 (1985 & Supp.1995), which provides that, except for certain enumerated exceptions, "It shall be unlawful for anyone to carry about the person, whether concealed or not, any pistol...." [2] The statute lists twelve circumstances in which one may lawfully carry a pistol about the person, such as licensed hunters or fishermen while they are hunting or fishing; persons regularly engaged in the business of manufacturing, repairing, or dealing in firearms; and any person in his own home.

In contrast, Kirby was convicted of violation of S.C.Code Ann. § 16–23–490 (Supp.1995), which provides in pertinent part:

§ 16–23–490. Additional punishment for possession of a firearm or knife during commission of, or attempt to commit, violent crime.

(A) If a person is in possession of a firearm or visibly displays what appears to be a firearm or visibly displays a knife during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime as defined in Section 16–1–60, he must be imprisoned five years, in addition to the punishment provided for the principal crime.

---

**2.** We note the South Carolina legislature has recently amended section 16–23–20. 1996 Act No. 464, § 3, effective August 23, 1996.

In *State v. Lawrence*, 266 S.C. 423, 223 S.E.2d 856 (1976), our Supreme Court rejected the defendant's argument that his convictions for armed robbery and unlawful possession of a pistol constituted double jeopardy:

> Proof of armed robbery does not necessitate proof of *unlawful* possession of a pistol but only that the robbery be committed while armed with a deadly weapon. [Citing the former version of section 16–11–330 of the South Carolina Code.] One lawfully in possession of a pistol may commit armed robbery. The additional fact to be proved for conviction of unlawful possession of a pistol is that the person does *not* fit within the exceptions where one may lawfully carry a pistol enumerated in [former section 16–23–20].

*Id.* at 426, 223 S.E.2d at 858.

We find the analysis in *Lawrence* persuasive and based on similar reasoning, we hold that, as a matter of law, unlawful carrying of a pistol is not a lesser included offense of possession of a firearm or knife during the commission of a violent crime because the latter does not necessarily include all of the elements of unlawful carrying of a pistol. Specifically, it is clear that one committing a violent crime may be convicted of violating section 16–23–490 while in *lawful* possession of a pistol. However, section 16–23–20 requires proof that the defendant was *unlawfully* in possession of the weapon, an element that is not required by section 16–23–490.

Accordingly, the trial judge did not err in refusing defense counsel's request to charge unlawful carrying of a pistol as a lesser included offense. *Cf. State v. Cribb*, 310 S.C. 518, 426 S.E.2d 306 (1992) (a lesser included offense is one that requires no proof beyond that which is required for conviction of the greater offense; reckless homicide is not a lesser included offense of felony driving under the influence (DUI) because felony DUI does not require proof of recklessness). *See also State v. Dobson*, 279 S.C. 551, 309 S.E.2d 752 (1983) (a lesser included offense requires no proof beyond that which is required for conviction of the greater offense). Since the indictment for unlawful carrying of a pistol was dismissed prior to trial at the request of defense counsel and it was not a lesser included offense, Kirby was not entitled to an instruction on this crime. *See Murdock v. State, supra* (for the circuit court

to have jurisdiction, there must be an indictment, proper waiver of indictment, or the charge must be a lesser included offense of an offense for which the defendant was properly indicted).

## CONCLUSION

For the foregoing reasons, the appeal is AFFIRMED.

CURETON and GOOLSBY, JJ., concur.