724 So.2d 482 (1998)
Robert L. PARKER a/k/a Robert Williams Parker, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01348 COA.
Court of Appeals of Mississippi.
December 8, 1998.
*483 Richard Flood, Ridgeland, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred III, Attorney for Appellee.
Before BRIDGES, C.J., HINKEBEIN and KING, JJ.
HINKEBEIN, J., for the Court:
¶ 1. Robert Parker (Parker) was convicted in the Circuit Court of Madison County of automobile burglary pursuant to Miss.Code Ann. § 97-17-33 (Rev.1994) on May 13, 1997. On May 30, 1997, Parker was sentenced to serve six years in the custody of the Mississippi Department of Corrections with four years of the sentence suspended and five years probation. Aggrieved by his conviction, he appeals to this Court on the following grounds:
I. THAT THE TRIAL COURT ERRED WHEN IT ALLOWED THE OFFICER TO TESTIFY ABOUT WHAT THE DISPATCHER WAS TELLING HIM ABOUT WHAT THE WITNESSES WERE TELLING THE DISPATCHER OVER THE OBJECTION OF THE APPELLANT.
II. THAT THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S REQUESTED JURY INSTRUCTION D-8.
III. THAT THE TRIAL COURT ERRED WHEN IT FAILED TO REPRIMAND THE STATE IN THE PRESENCE OF THE JURY ABOUT THE RESOLUTION OF PARKER'S CO-DEFENDANT'S CASE OR IN THE ALTERNATIVE ON ITS OWN MOTION, ORDER A MISTRIAL.
IV. THAT THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S REQUESTED JURY INSTRUCTION D-1.
¶ 2. Holding these assignments of error to be without merit, we affirm the decision of the circuit court.

FACTS
¶ 3. On November 27, 1994, Stephanie Dickerson and her boyfriend went to see the seven o'clock show at the United Artists Theater in Ridgeland, Mississippi. Dickerson parked her red Chevrolet Camaro in the lot next to the theater. Shortly after eight o'clock, the Ridgeland Police Department radio dispatcher notified patrol officers that there was an auto burglary in process in the parking lot of the theater. The dispatcher's information was based on a phone call from a witness, who along with another witness, was observing two people breaking into a car. Discovery filed by the State pursuant to URCCC 9.04 reveals that these witnesses were Langston E. Gibson and Lisa Prejean, both of whom lived near the theater. At trial neither of these witnesses were called by the State. Three police officers responded to the dispatcher's call and headed toward the theater.
¶ 4. At trial, two of the officers testified that the dispatcher then told them that the witness on the phone said the two burglary suspects had gotten into a blue car and were turning northbound on Wheatley Street. Officers Mack Craig and Ken Craft stopped the vehicle on Wheatley Street while Officer Rick Miller proceeded to the theater parking lot to look for signs of any car that may have been burglarized. Officer Miller testified that he found a red Chevrolet Camaro with the passenger window broken out. That night the area was under tornado warnings and heavy rain had left several inches of water on the car's floorboards. A short time later Dickerson came out of the theater with her boyfriend and told Miller the car belonged to her. Dickerson told the officer that her purse containing about twenty dollars was missing, as well as large box-like stereo speakers, a built-in stereo graphic equalizer, and a cellular phone.
¶ 5. While Officer Miller was talking to Dickerson, Officers Craig and Craft were ordering the suspects out of the blue car. Once the suspects were secured, Officer Craft testified that he looked inside the stopped vehicle. He recounted seeing stereo speakers in the back seat and a stereo equalizer, cellular phone, and various hand tools *484 on the front seat. He testified that all of these items were wet, as if they had been rained upon. The officers then arrested the driver of the car, Keison Jones, and the appellant, Parker, and transported them to the police station. Dickerson identified the items found in the blue car as those stolen from her vehicle. The next day Dickerson found her purse, minus any cash, in a wooded area immediately behind the theater parking lot.

DISCUSSION

I. THAT THE TRIAL COURT ERRED WHEN IT ALLOWED THE OFFICER TO TESTIFY ABOUT WHAT THE DISPATCHER WAS TELLING HIM ABOUT WHAT THE WITNESSES WERE TELLING THE DISPATCHER OVER THE OBJECTION OF THE APPELLANT.
¶ 6. During the trial, Parker offered two hearsay objections when police officers recounted what they were told by the dispatcher, who was relaying the statements made by the actual witnesses to the auto burglary. The trial judge overruled the objections, saying the officers could testify as to the complaint they received and their response. Parker characterizes the testimony as double hearsay and cites it as grounds for reversal. The State asserts the testimony was admitted not for the truth of the matter asserted but as the basis for the officers' later actions and thus was not hearsay. We agree with the State.
¶ 7. The Mississippi Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M.R.E. 801(c). In addition, outside of enumerated exceptions, hearsay is inadmissible. M.R.E. 802. In the case sub judice, there is no dispute that the statements of the police dispatcher and the actual witness to the crime were made outside the confines of the courtroom. The issue is whether they were offered for the truth of the matter asserted and hence inadmissible. The Mississippi Supreme Court has stated that "if the significance of a statement is simply that it was made and there is no issue about the truth of the matter asserted, then the statement is not hearsay." Mickel v. State, 602 So.2d 1160, 1162 (Miss.1992) (quoting M.R.E. 801 cmt.). In Swindle v. State, 502 So.2d 652, 657-8 (Miss.1987), the court held that an officer's testimony about a tip received from an informant as to the whereabouts of a defendant was not offered for its truth and was "admissible to the extent required to show why an officer acted as he did and was at a particular place at a particular time." Id. Likewise, in the case sub judice, the officers' testimony as to the statements of the dispatcher was offered to show why they proceeded to the United Artists Theater and intercepted the suspects' vehicle on Wheatley Street. The record reveals that in overruling Parker's objections, the trial judge was aware of the purpose of the testimony by his statement, "I will overrule the objection. You can't discuss the conversation itself but you can tell the basics of the complaint and your response." While the Mississippi Supreme Court has not previously addressed this particular issue as to police radio dispatches, a number of other states have held, in line with the legal concepts discussed above, that testimony by police officers concerning radio dispatches is not hearsay and thus is admissible for the purpose of explaining the officer's actions. State v. Kirby, 325 S.C. 390, 481 S.E.2d 150, 151-2 (S.C.Ct.App. 1996); People v. Townsend, 275 Ill.App.3d 200, 211 Ill.Dec. 599, 655 N.E.2d 982, 987 (Ill.App.Ct.1995); Commonwealth v. McLean, 387 Pa.Super. 354, 564 A.2d 216, 221 (Pa.Super.Ct.1989); State v. Johnson, 530 So.2d 641, 642 (La.Ct.App.1988); Mulligan v. State, 487 N.E.2d 1309, 1313 (Ind.1986).

II. THAT THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S REQUESTED JURY INSTRUCTION D-8.
¶ 8. Parker argues that since the State's case was based entirely on circumstantial evidence, the trial court was in error in denying jury instruction D-8, which reads as follows:
The Court instructs the jury that if there is a fact or circumstance in this case susceptible to two interpretations, one favorable *485 to ROBERT PARKER and the other unfavorable to him, and when the jury has considered said fact or circumstance with all other evidence, if there is a reasonable doubt as to the correct interpretation, then you, the jury, must resolve such doubt in favor of ROBERT PARKER and place upon such fact or circumstance the interpretation most favorable to ROBERT PARKER
Accordingly, Parker claims this assignment of error warrants a new trial. The State disputes the contention that the case against Parker was entirely circumstantial and argues that direct evidence of the auto burglary offered at trial negates the need for a circumstantial evidence instruction. We agree with the State.
¶ 9. In assigning error, Parker relies on decisions of the Mississippi Supreme Court that hold that "[c]ircumstantial evidence instructions are required when the prosecution is without a confession and without eyewitnesses to the gravamen of the offense charged." Simpson v. State, 553 So.2d 37, 39 (Miss.1989); Williamson v. State, 512 So.2d 868, 880 (Miss.1987). The record reflects Parker did not confess to the auto burglary and the State did not produce the actual eyewitnesses to the crime. However, the Mississippi Supreme Court has upheld the refusal of circumstantial evidence instructions where testimony by arresting officers is sufficient to constitute direct evidence. Hart v. State, 639 So.2d 1313, 1316 (Miss.1994). In Boches v. State, 506 So.2d 254, 260 (Miss. 1987), the court held:
True no confession exists in this case but the prosecution is not wholly without eyewitnesses to the gravamen of the offense charged. Testimony of the officers concerning bales of marijuana found in the automobile is direct evidence of the offense. Therefore, it was not necessary that a circumstantial evidence instruction be granted as to this element.
Id. In the case sub judice, the record reveals that Officer Craig Craft testified that he intercepted Parker and Jones minutes after the commission of the auto burglary and found the rain spattered items stolen from Dickerson's car inside their vehicle. In Williamson, on which Parker heavily relies, the evidence against the defendant in the murder of her husband consisted primarily of testimony concerning an adulterous affair and taking out suspiciously large insurance policies. Williamson, 512 So.2d at 870. The court held that "the testimony offered by the State did not directly link Mrs. Williamson to either the murder or the conspiracy. Rather it required the jury to draw upon inferences and suspicious circumstances in order to return a conviction." Id. at 880. In the instant case, where Parker was caught by police fleeing the scene, the jury had little need for inference. Accordingly, we find this assignment of error to be without merit.

III. THAT THE TRIAL COURT ERRED WHEN IT FAILED TO REPRIMAND THE STATE IN THE PRESENCE OF THE JURY ABOUT THE RESOLUTION OF PARKER'S CO-DEFENDANT'S CASE OR IN THE ALTERNATIVE ON ITS OWN MOTION, ORDER A MISTRIAL.
¶ 10. Prior to Parker's trial, his codefendant, Keison Jones, had been convicted of auto burglary. During the State's direct examination of Officer Craft during Parker's trial, he was asked whether he was aware of the disposition of the case against Jones. An objection was made on behalf of Parker which was sustained by the trial court. Parker argues that asking the question was a "dirty trick" utilized by the State to create the impression that the defense is trying to conceal information from the jury. Parker claims the trial court was in error in not reprimanding the State in the presence of the jury or, in the alternative, ordering a mistrial. The State responds that, since Parker did not request an admonishment to disregard, any possible error was cured when the court sustained the objection. We agree with the State.
¶ 11. Parker is correct in asserting that "[t]he general rule in this state is that where two or more persons are jointly indicted for the same offense, but are separately tried, a judgment of conviction or a plea of guilty against one of them is not competent evidence on the trial of the other...." Robinson *486 v. State, 465 So.2d 1065, 1068 (Miss. 1985). In Robinson, the court cites numerous cases where the actual introduction into evidence of a co-indictee's conviction was grounds for a mistrial. Id. However in the case sub judice, Parker's objection to the question asked of Officer Craft prevented the jury from hearing any information concerning the conviction of Parker's co-indictee and defense counsel failed to make any other request of the trial court. The Mississippi Supreme Court has held that where "the defense failed to request that the jury be admonished, the sustaining of the objection was sufficient to prevent reversible error." Cotton v. State, 675 So.2d 308, 315 (Miss. 1996). In Cotton, the prosecutor's cross-examination as to why the defendant had so much money in small bills was seen as a prejudicial attempt to infer other criminal activity but was cured by the sustained objection. Id. In the case sub judice, Parker was granted his objection and his failure to seek an admonishment of the jury or a reprimand of the prosecutor cannot be grounds for reversal. Accordingly, we find no merit to this assignment of error.

IV. THAT THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S REQUESTED JURY INSTRUCTION D-1.
¶ 12. Parker moved for a directed verdict at the conclusion of the State's case-inchief and renewed the motion after informing the trial court that Parker would call no witnesses and would not himself testify in his own defense. The trial court denied both motions for a directed verdict. The trial court also denied Parker's proposed peremptory jury instruction D-1, which stated that "[t]he Court instructs the Jury that you must find ROBERT PARKER `not guilty'." Parker asserts that the trial court committed reversible error, both in denying the motion for a directed verdict and denying the peremptory instruction, since the evidence did not support a finding that Parker was actually involved in the auto burglary. The State argues that the evidence was such that a reasonable and fair-minded jury could find Parker guilty, and that a jury is not obligated to arrive at absurd or unreasonable conclusions. We agree with the State.
¶ 13. Challenges to the denial of a motion for a directed verdict, a peremptory instruction, or a judgment notwithstanding the verdict all focus on the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The Mississippi Supreme Court has held that:
In passing on motions for directed verdicts and requests for peremptory instructions of not guilty, all evidence on behalf of the State is taken as true, together with reasonable inferences that may be drawn therefrom, and, if there is sufficient evidence to support a verdict of guilty, the motion for directed verdict must be overruled and the peremptory instruction must be denied.
Hicks v. State, 580 So.2d 1302, 1304 (Miss. 1991) (quoting Brock v. State, 530 So.2d 146, 153-4 (Miss.1988)). The court has further held that it is "authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." McClain, 625 So.2d at 778. Parker argues the jury should have reasonably found he was a passive witness and not a participant while Jones broke the window of Dickerson's car. He also believes a reasonable and fair-minded jury would find that without assistance, Jones alone pulled out the large stereo speakers, unscrewed and removed the graphic equalizer, grabbed the cellular phone and purse, rifled the purse for cash, and tossed the handbag into the woods. Little weight is attached to Parker being arrested minutes after the crime in a car containing the rain spattered stolen items. From examining the record, we find sufficient evidence from which a jury could find Parker took part in the auto burglary. Consequently, we find this assignment of error to be without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF AUTO BURGLARY AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR YEARS SUSPENDED AND *487 FIVE YEARS PROBATION AND TO PAY RESTITUTION TO VICTIM IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, PAYNE, and SOUTHWICK, JJ., concur.