PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.       
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Anthony J. Smith, Appellant.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2007-UP-022
Submitted January 1, 2007  Filed January 12, 2007    

AFFIRMED

 
 
 
 Appellate Defender Aileen P. Clare, of Columbia, for Appellant
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent(s).
 
 
 

PER CURIAM: Anthony Smith appeals the trial courts denial of his motion to dismiss the charges against him on the basis of a denial of his right to a speedy trial and the trial courts denial of his motion to dismiss his 2005 indictments on the basis of excessive pre-indictment delay.  We affirm.
FACTS
Anthony Smith was arrested on September 17, 2003, for home invasion and robbery.  On October 21, 2003, and November 18, 2003, Smith was indicted for armed robbery, first degree burglary, and possession of a weapon during the commission of a violent crime.  Smiths original attorney was relieved for health reasons in May 2004 and was replaced in June 2004.  Smith filed requests to have the charges against him dropped for failure to prosecute in April and July of 2004, and he attempted to contact the clerk of court, judge, and the solicitor about the delay in his trial.  On January 5, 2005, Smith was indicted for five counts of attempted armed robbery, two counts of assault and battery with intent to kill, and two counts of armed robbery.  Smiths original indictments and his subsequent nine indictments all arose from the same home invasion and robbery.  
In a pretrial hearing, Smiths attorney moved to have the charges against Smith dismissed.  Smiths attorney argued the charges from the original indictments should be dismissed because Smith had been denied a speedy trial.  Smiths attorney did not present any evidence of prejudice, and he simply stated it was not right for someone to sit in jail 16 months for an uncomplicated case.  Smiths attorney also moved to dismiss the nine new indictments for excessive pre-indictment delay.  Smiths attorney argued that while the basic facts had not changed it was not right to wait 16 months and then go to the grand jury for some more stuff in the same case.  The trial court denied both motions.  This appeal followed.
LAW/ANALYSIS
Smiths did not present any evidence of prejudice, and his main complaint was the amount of time that had passed.  Therefore, we affirm the trial courts denial of Smiths motions.  See State v. Foster, 260 S.C. 511, 197 S.E.2d 280 (1973) (explaining that the length of delay is merely a triggering mechanism which brings additional factors into consideration); State v. Tyson, 283 S.C. 375, 323 S.E.2d 770 (1984) (affirming a trial judges denial of a speedy trial motion where there was no detriment other than the incarceration); State v. Brazell, 325 S.C. 65, 480 S.E.2d 64 (1997) (holding there was no violation of the right to a speedy trial where lack of prejudice negated the long delay and, in the context of pre-indictment delay, the defendant has the burden to show the delay caused substantial actual prejudice to his right to a fair trial).  Therefore, the order of the trial court is 
AFFIRMED.
GOOLSBY, STILWELL, and SHORT, JJ., concur.