6854

### STATE v. O'NEALL.

MURDER.—To sustain a conviction for murdering an infant, it is necessary to prove the child was alive—that it had an independent circulation.

Before GAGE, J., Greenville, May Term, 1907. Reversed.

Indictment against Anna O'Neall for infanticide. From sentence on verdict of manslaughter, defendant appeals.

*Messrs. McSwain & Price,* for appellant, cite: *There is a total failure here to establish the corpus delecti:* Wills' Cir. Ev., 447, 270, 300, 451, 453, 454; Taylor's Med. Jur., 399; 10 Tex., 225; 76 Ga., 498; 19 Am. St. R., 838.

*Solicitor J. E. Boggs,* contra. Oral argument.

April 10, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant, Anna O'Neall, was indicted along with Sallie McJunkin and Wesley W. Lyon, at the May term of the Court of General Sessions for Greenville County. She was tried before his Honor, George W. Gage, and a jury on the charge of manslaughter, causing the death of her infant child, whose body was recovered from a well on the premises where she was living. With the consent of the solicitor the defendants Sallie McJunkin and Wesley W. Lyon were found not guilty.

It hardly seems worth while to pursue with great care and particularity circumstances of suspicion; there was no testimony that the child had ever breathed or was alive at the time of its birth. The surgeon who made the post-mortem examination was careful to state that he could not tell that the child had ever been alive. No other witnesses testified as to the child's condition at birth. The defendant, its mother, when examined as a witness, was unable to state the child's condition, although she admitted that she was the mother of the child.

As is decided in the case of *State* v. *Wimberly,* in 3 McCord, 190, syllabus: "In indictments for murder and manslaughter it is indispensably necessary to state that the death ensued in consequence of the act of the prisoner."

And as it is stated in 1st Wharton's Criminal Law (8th ed.), page 336: "In cases of infanticide it must be shown that the child was born alive, and for this purpose an independent circulation is necessary." *State* v. *Winthrop,* 43 Iowa, 519. Again, on page 416 of the same volume, it is said: "But it must be proven that the child had been born in the world in a living state; the fact that it had breathed for a moment is not conclusive proof thereof."

The testimony in the case at bar, and the citation of authorities hereinbefore made, render this Court unwilling to confirm a verdict of guilty of manslaughter by the jury; however painful and distressing child murder is felt to be, yet prudence requires, and humanity also demands, that a conviction of the poor mother is too dreadful to be rested alone upon suspicion.

We, therefore, hold that there was error in the judgment against the defendant; and hold that the judgment against her should be upset.

It is the judgment of this Court, that the judgment of the Circuit Court be, and the same is hereby, reversed, and the case remanded for a new trial.