20002

The STATE, Respondent, v. Stanley PAULING, Appellant
(214 S. E. (2d) 326)

*Messrs. Matthew J. Perry* and *Robert L. Hallman, Jr.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *William T. Jones, Jr., Sol.,* of Greenwood, *for Respondent,*

April 28, 1975.

Moss, Chief Justice.

Stanley Pauling and David Kennedy were indicted by the grand jury of Newberry County and charged with the crimes of robbery and assault and battery with intent to kill. When the case was called for trial at the 1974 May Term of the Court of General Sessions, Kennedy entered a plea of guilty. The appellant was tried before the Honorable Francis B. Nicholson, Presiding Judge, and a jury, on May 30, 1974. The jury found him guilty of (1) robbery and (2) assault and battery of a high and aggravated nature. At appropriate stages of the trial the appellant made motions for a directed verdict, judgment *non obstante veredicto,* and alternatively, for a new trial. These motions were refused and this appeal followed.

The first question presented is whether there was error on the part of the trial judge in permitting two officers to

testify as to an alleged oral confession made to them by the appellant. The appellant bases this contention on two grounds: (1) that if he made a confession it was after he was denied access to counsel; and (2) that it was made under conditions of duress and coercion.

When objection to the alleged oral confession was made, the trial judge conducted an evidentiary hearing, out of the presence of the jury, to determine whether the confession was admissible. The two officers testified that prior to the alleged oral confession of the appellant, they gave him all the warnings required by *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694. These officers further testified that the appellant did not request an attorney until after he had made his oral confession.

The appellant, testifying in his own behalf, admitted that he was advised of his rights by the officers and whatever statement he made to them was freely and voluntarily given. The appellant denied that he made any confession to the officers or that he in any way participated in the commission of the crimes with which he was charged. The trial judge found as a fact that the appellant made a voluntary oral confession after he had been accorded all of the procedural safeguards required by *Miranda,* and allowed the two officers to testify in the presence of the jury as to the oral confession. The appellant, in the presence of the jury, again testified that he did not make any confession.

At the conclusion of all the testimony, the trial judge submitted to the jury for their determination as to whether in fact a confession was made, and if not, such could not be considered by them. They were further instructed to disregard the confession unless they concluded that it was voluntary and given after proper *Miranda* warnings.

We find no error on the part of the trial judge in the procedure he followed in admitting the testimony with reference to the alleged oral confession of the appellant. *State*

*v. Lee,* 255 S. C. 309, 178 S. E. (2d) 652, and *State v. White,* 253 S. C. 475, 171 S. E. (2d) 712.

The appellant also contends that there was insufficient evidence to support his conviction of either of the crimes with which he was charged and that he was entitled to a directed verdict.

We have held that where a motion is made for a directed verdict of not guilty, the testimony must be viewed in the light most favorable to the State. The case must be submitted to the jury if there is evidence reasonably tending to prove the defendant's guilt or from which his guilt may be fairly and logically deduced. *State v. White,* 253 S. C. 475, 171 S. E. (2d) 712. It is also well settled that the weight and sufficiency of the evidence is for the jury. It is the province of that body to weigh the evidence and decide on its sufficiency in reaching a verdict. Where there is any evidence tending to establish guilt on the charges alleged, neither a refusal to direct a verdict of acquittal nor a refusal to grant a new trial is error of law. *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918.

On December 21, 1973, Mrs. Otha Shumpert was robbed of cash and checks in her possession as she was leaving the general merchandise store which she managed near Prosperity, South Carolina. David Kennedy, a co-defendant, testified that the appellant told him that he knew about a store where they "could get a couple of extra dollars." The appellant testified that he was quite familiar with Mrs. Shumpert and the general merchandise store she managed, testifying that he had seen her a number of times in the store. Mrs. Shumpert testified that she had seen the appellant in her store on a number of occasions prior to the date of the robbery and knew him by the name "Stanley." On December 21, 1973, the date of the robbery, Kennedy saw the appellant in Winsboro and they drove together in his car to a point near the Shumpert store and parked the car about a block therefrom. Kennedy further testified that

the appellant knew the time that Mrs. Shumpert usually closed the store. He said both of them walked to the rear of the store and waited there until closing time. Kennedy said that it was his job to actually take the money from Mrs. Shumpert since the appellant's contribution was the formulation of the scheme to rob her. He testified that after the robbery he and the appellant drove back to Winnsboro and divided the money and the checks.

It appears from the testimony that among the checks stolen was one that Mrs. Shumpert had cashed on December 21, 1973, for one Curtis Williams. This same check was later cashed by Andrew Ford, who managed a liquor store in Columbia, South Carolina. Ford identified the appellant as the person for whom he cashed the check, and his driver's license number written on the back of the check. Two Newberry County Deputy Sheriffs testified that on January 3, 1974, the appellant confessed to planning the robbery of the Shumpert store, driving to the store with a confederate, and being present when this confederate robbed Mrs. Shumpert of the cash and checks. The appellant denied all of the foregoing testimony and asserted that he did not participate in any way in the robbery of Mrs. Shumpert.

It is our conclusion that the evidence in behalf of the State was reasonably sufficient to raise a jury question and to justify the refusal of the trial judge to either direct a verdict in favor of the appellant or to grant a new trial.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.