21839

The STATE, Respondent, v. Charlton DAVIS, Appellant.
(298 S. E. (2d) 778)

*Assistant Appellate Defender Tara D. Shurling*, of *S. C. Com'n of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Sol. James C. Anders*, Columbia, *for respondent.*

Jan. 3, 1983.

*Per Curiam:*

Appellant was indicted for murder and appeals from a conviction of voluntary manslaughter. His sentence was twenty-four years' imprisonment. He appeals, contending that his conviction should be reversed because there was no evidence to support a jury instruction on, and a conviction of, voluntary manslaughter. We affirm.

Over appellant's timely objection, the trial judge instructed voluntary manslaughter on the ground that appellant's intoxication could have eliminated the element of malice from the killing. The instruction was given upon an erroneous ground. Voluntary intoxication does not impair a person's ability to act with malice aforethought so as to reduce murder to voluntary manslaughter. *State v. Crocker*, 272 S. C. 344, 251 S. E. (2d) 764 (1979). However, the fact that the trial judge gave the wrong ground for his decision does not preclude affirmance upon a proper ground sustained by the record. *State v. Goodstein*, S. C. 292 S. E. (2d) 791 (1982); Supreme Court Rule 4, section 8.

Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon a sufficient legal provocation. *State v. Linder*, 276 S. C. 304, 278

S. E. (2d) 335 (1981). It is proper to refuse to instruct voluntary manslaughter in a murder case only when there appears no evidence whatsoever tending to show manslaughter. *State v. Kahan,* 268 S. C. 240, 233 S. E. (2d) 293 (1977). Here, a witness testified that appellant and the victim had been "fighting." From this circumstance of "provocation" and "heat of passion," guilt of voluntary manslaughter could be fairly and logically deduced and was thus a proper matter for jury determination. *Kahan; State v. Pauling,* 264 S. C. 275, 214 S. E. (2d) 326 (1975). In like manner, where there is evidence tending to establish guilt on the charge, neither a refusal to direct a verdict of acquittal nor a refusal to grant a new trial is error. *Pauling.* The conviction is affirmed.