22157

The STATE, Respondent, v. Terrance HORNE, Appellant.

(319 S. E. (2d) 703)

Supreme Court

*Asst. Appellate Defender William Isaac Diggs,* Columbia, *H. E. Bonnoitt, Jr.,* Georgetown *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Sr. Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard May 7, 1984.

Decided Aug. 17, 1984.

SHAW, Acting Justice:

Appellant, Terrance Horne, was convicted of assault and battery with intent to kill and voluntary manslaughter in connection with the stabbing of his estranged wife, which resulted in the death of an unborn full-term viable female child the wife was carrying. We affirm in part and reverse in part.

In August 1982, appellant attacked his wife, Deborah Horne, who had passed the ninth month of her pregnancy, with a knife, wounding her in the neck, arms, and abdomen. After the attack, Mrs. Horne was rushed to the Georgetown Hospital emergency room where doctors, after determining the unborn child was still alive, performed a caesarian section to save the child's life. The child was dead when removed from the mother's womb. A subsequent autopsy revealed the child died in the womb as a result of suffocation caused by the mother's loss of blood. The mother survived.

The autopsy report also indicated the child experienced normal development, and had reached the point where it was capable of separate and independent existence apart from the mother.

The first issue on appeal concerns whether an unborn child is a "person" within the statutory definition of murder found in South Carolina Code Ann., Section 16-3-10 (1976). While this Court has previously discussed the crime of infanticide, requiring proof the infant was born alive, *State v. O'Neall,* 79 S. C. 571, 60 S. E. 1121 (1908); *State v. Collington,* 259 S. C. 446, 192 S. E. (2d) 856 (1972), we have never addressed feticide, the killing of an unborn child.

Here, the child was the unintended victim of appellant. ■ If there was malice in appellant's heart, he was guilty of the crime charged, it matters not whether he killed his intended victim or a third person through mistake. *State v. Heyward,* 197 S. C. 371, 15 S. E. (2d) 669 (1941). This result is sometimes described as being a function of the doctrine of "transferred intent" whereby the actor's intent to kill his intended victim is said to be transferred to his actual victim. All that is required for murder is the mental state of malice, provided by the intent to kill a human being, coupled with an act which caused the death of a human being.

In *Fowler v. Woodward,* 244 S. C. 608, 138 S. E. (2d) 42 (1964), this Court determined an action for wrongful death

could be maintained for a viable, unborn fetus, holding a viable child constituted a "person" even before it left its mother's womb.

It would be grossly inconsistent for us to construe a viable fetus as a "person" for the purposes of imposing civil liability while refusing to give it a similiar classification in the criminal context.

This Court has the right and the duty to develop the ██ common law of South Carolina to better serve an ever-changing society as a whole. In this regard, the criminal law has been the subject of change. *State v. Mouzon*, 231 S. C. 655, 99 S. E. (2d) 672 (1957); *State v. Brooks*, 277 S. C. 111, 283 S. E. (2d) 830 (1981). The fact this particular issue has not been raised or ruled on before does not mean we are prevented from declaring the common law as it should be. Therefore, we hold an action for homicide may be maintained in the future when the state can prove beyond a reasonable doubt the fetus involved was viable, i.e., able to live separate and apart from its mother without the aid of artificial support.

However, at the time of the stabbing, no South Carolina decision had held that killing of a viable human being *in utero* could constitute a criminal homicide. The criminal law whether declared by the courts or enacted by the legislature cannot be applied retroactively. *Bouie v. City of Columbia*, 378 U. S. 347, 84 S. Ct. 1697, 12 L. Ed. (2d) 894 (1964). Therefore, the conviction of voluntary manslaughter must be reversed. From the date of this decision henceforth, the law of feticide shall apply in this state.

The second issue concerns whether the state proved ██ that the crimes occurred in Georgetown County. In *State v. Wharton*, 263 S. C. 437, 211 S. E. (2d) 237 (1975), this Court said:

> . . . It is not necessary in a criminal case that venue should be proved affirmatively if there is sufficient evidence from which it can be inferred. (citation omitted). Evidence of venue, though slight, is sufficient in the absence of conflicting evidence and may be proved by circumstantial as well as directed evidence.

There was slight but sufficient evidence that the crime occurred in Georgetown. The ambulance which came to get

the victim was located less than two blocks away from where appellant stabbed his wife. The ambulance took the victim to the Georgetown County Hospital. There was sufficient evidence from which venue could be inferred.

Affirmed in part, reversed in part.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.