22198

The STATE, Respondent, v. Marion GANDY, Appellant.

(324 S. E. (2d) 65)

Supreme Court

*Betty J. Gambrell Cobb*, of *King & Cobb*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams*, Columbia, and *Sol. J. DuPre Miller*, Bennettsville, *for respondent.*

Heard Sept. 10, 1984.

Decided Dec. 13, 1984.

GREGORY, Justice:

Appellant Marion Gandy appeals from a murder conviction. The sole issue before this Court is whether the trial judge erred in failing to charge the law of involuntary manslaughter. We hold that there was no error and affirm.

This case arose out of an argument between the deceased and a friend of the appellant at the deceased's place of business. As the argument grew more heated, another customer

attempted to intercede, but appellant attacked him with a pool cue. Appellant then approached the deceased and her son, Ray, with the pool cue. The deceased pulled a pistol from her purse. When Gandy failed to heed Ray's warning to stay away, Ray grabbed the gun and shot appellant in the shoulder, dazing him momentarily.

Appellant then went outside. He said he was going to get his gun and shoot Ray. The deceased went over and locked the door. Appellant returned, found the door locked, and shot through the door, killing the deceased. Re-entering the building, he found Ray crouched behind the counter, and shot him in the leg and chest. Appellant left the building saying he had "killed the sons of bitches."

Gandy denied he intended to kill the deceased. He testified that he shot through the door to gain entry to the building. Based on this, he argues the trial judge erred when he declined to charge the jury on the law of involuntary manslaughter.

Manslaughter, a lesser included offense of murder, *State v. Mattison*, 276 S. C. 235, 277 S. E. (2d) 598 (1981), is the "unlawful killing of another without malice, express or implied." S. C. Code Ann. § 16-3-50 (1976). The general statutory definition includes both voluntary and involuntary manslaughter. *State v. Barnett*, 218 S. C. 415, 63 S. E. (2d) 57 (1951).

Voluntary manslaughter is the unlawful killing of a human being in a sudden heat of passion upon sufficient legal provocation. *State v. Norris*, 253 S. C. 31, 168 S. E. (2d) 564 (1969). Involuntary manslaughter is found upon a showing of criminal negligence. S. C. Code Ann. § 16-3-60 (1976). Though different, both are distinguished from murder because the vital element of malice is missing.

The trial judge charged the jury on the law of murder and voluntary manslaughter. The jury returned with a verdict on the murder charge; therefore, it is clear that malice was found at the time of the killing. Having found malice, the jury could not have returned any verdict on manslaughter, voluntary or involuntary.

Where a defendant intends to kill or seriously injure one person, but kills another, a defendant may be found guilty of murder or manslaughter. *State v. Williams*, 189 S. C. 19, 199 S. E. 906 (1938). If malice is found at the time

of the killing, even if a third party is killed rather than the intended victim, the defendant is guilty of murder. *State v. Heyward,* 197 S. C. 371, 15 S. E. (2d) 669 (1941). This concept, known as "transferred intent", was most recently discussed in *State v. Horne,* 319 S. E. (2d) 703 (1984), where we noted:

> This result is sometimes described as the function of the doctrine of "transferred intent" whereby the actor's intent to kill his intended victim is said to be transferred to his actual victim. *All that is required of murder is the mental state of malice,* provided by the intent to kill a human being coupled with an act which caused the death of a human being.                    (Emphasis added.)

In the instant case, Gandy's lack of intent to kill the deceased is irrelevant. His intent to kill Ray supplied the element upon which the requisite mental state of malice was found. Once the jury found malice, only a verdict on the murder charge could be found.

Appellant cites several cases that support his claim that a charge on involuntary manslaughter can be required where a weapon is intentionally fired. *State v. Badgett,* 87 S. C. 543, 70 S. E. 301 (1911); *State v. Quick,* 168 S. C. 76, 167 S. E. 19 (1932); *State v. McLaughlin,* 208 S. C. 462, 38 S. E. (2d) 492 (1946). These cases, however, are clearly distinguishable because none involved the intent to shoot a person. There is no contention that Gandy did not intend to shoot Ray.

Gandy's intent to shoot Ray negated any claim of involuntary manslaughter. There being no evidence from which a jury could infer the lesser included offense of involuntary manslaughter, *State v. Mickle,* 273 S. C. 71, 254 S. E. (2d) 295 (1979), there was no error in refusing the charge; therefore, the conviction stands affirmed.

Affirmed.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.