508 S.E.2d 29

**The STATE, Respondent,**

**v.**

**Alexander Santee JOHNSON, Appellant.**

**No. 24851.**

Supreme Court of South Carolina.

Heard Sept. 24, 1998.

Decided Nov. 9, 1998.

William G. Yarborough, III, of Ashmore & Yarborough, Greenville, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Derrick K. McFarland, all of Columbia, and Solicitor Robert M. Ariail, of Greenville, for respondent.

PER CURIAM:

Appellant Alexander Santee Johnson was convicted of murder and sentenced to life imprisonment. The sole issue on appeal is whether Johnson was entitled to a jury charge on voluntary manslaughter. We hold that he was and, accordingly, we reverse.

## FACTS

The facts, taken in the light most favorable to Johnson, indicate that in the early morning hours of December 12, 1995,

Johnson was "hanging out" with Frank Moore, Travis Croft, and the victim, Curt Kirksey. According to witnesses, Kirksey had taken the keys to Johnson's vehicle and wouldn't give them back to him. Kirksey then went into his house, and Johnson left. Moore and Croft were still outside Kirksey's house 15–20 minutes later when Johnson returned. Kirksey's live-in girlfriend, Lola Smith, testified Johnson knocked on their door at approximately 2:00 AM and asked to speak to Kirksey. Kirksey came to the door and he and Johnson "had words." Kirksey then went outside and "sort of pushed [Johnson] off the porch." According to one witness, Kirksey was the first one to throw a punch. Another witness testified that "[Kirksey] was getting the best of [Johnson]." Several witnesses testified that, during the fight, Johnson took out a gun and shot Kirksey several times; Kirksey died a short time later.

### ISSUE [1]

Did the court err in refusing Johnson's request to charge the law of voluntary manslaughter?

---

1. At oral argument before this Court, the state maintained the issue raised by Johnson is procedurally barred under our opinion in *State v. Whipple*, 324 S.C. 43, 476 S.E.2d 683 (1996). We disagree and take this opportunity to clarify *Whipple*.

In *Whipple, supra,* the defendant asserted error in the trial court's failure to instruct the jury concerning his thirty year parole eligibility, or alternatively, in the failure to give a "plain and ordinary meaning" charge pursuant to *State v. Norris*, 285 S.C. 86, 328 S.E.2d 339 (1985). A majority of this Court found the issue procedurally barred stating "Whipple's failure to object to the charge as given, or to request an additional charge when given an opportunity to do so constitutes a waiver of his right to complain on appeal." 476 S.E.2d at 688. In a dissenting opinion, Justice Finney stated he "would hold that where a defendant's request for a jury charge is denied in a pre-charge conference, he need not renew that request after the charge is omitted from the jury instructions in order to preserve the issue for appellate review." 476 S.E.2d at 690. Accordingly, combining the majority's holding with the dissent, *Whipple* is now being read to hold that where a party's jury charge objections or requests are denied on-the-record after a pre-charge conference, the party must renew those objections or requests subsequent to the courts instructions to the jury. The majority opinion in *Whipple*, however, did not establish such a rule.

In *Whipple*, there was no on-the-record discussion regarding whether the judge would give Whipple's requests to charge. The only discussion at all was during *voir dire* at the guilt phase. Whipple asked the court

## DISCUSSION

 A trial court should refuse to charge a lesser-included offense only where there is no evidence the defendant committed the lesser rather than the greater offense. *State v. Smith*, 315 S.C. 547, 446 S.E.2d 411 (1994). In determining whether the evidence requires a charge on voluntary manslaughter, this Court must view the facts in a light most favorable to the defendant. *State v. Byrd*, 323 S.C. 319, 474 S.E.2d 430 (1996). To warrant a court's eliminating the offense of manslaughter, it should very clearly appear that there is no evidence whatsoever tending to reduce the crime from murder to manslaughter. *State v. Lowry*, 315 S.C. 396, 434 S.E.2d 272 (1993).

 Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation. *Lowry, supra.* Although words alone may not constitute sufficient legal provocation, words accompanied by some overt, threatening act may be sufficient. *Id.* In *Lowry*, we held the defendant was entitled to a charge on voluntary manslaughter where the defendant and victim were in a

---

to *voir dire* the jury concerning their understanding of life imprisonment, and counsel advised the court he **would request** a parole eligibility instruction if the trial reached a sentencing phase. There was absolutely no further discussion of such a charge in either the guilt or sentencing phase. Thereafter, although Whipple submitted written requests to charge at sentencing, there was no colloquy as to whether the court would give the requested charges, nor did Whipple object to the judge's charge as given after being given an opportunity to do so. Unlike the present case, the brief colloquy in *Whipple* is simply not an on-the-record ruling as to whether the court would give a certain charge. Accordingly, we adhere to our ruling that Whipple failed to preserve the issue by failing to object to the judge's charge as given.

However, we clarify that neither our opinion in *Whipple*, nor Rule 20(b), SCRCrimP (notwithstanding requests to charge, party must object to the giving or failure to give an instruction before the jury retires.... Failure to do so constitutes a waiver of objection) have altered the long-standing rule that where a party requests a jury charge and, after opportunity for discussion, the trial judge declines the charge, it is unnecessary, to preserve the point on appeal, to renew the request at conclusion of the court's instructions. *Rogers v. Florence Printing Co.*, 233 S.C. 567, 106 S.E.2d 258 (1958); *State v. Grant*, 275 S.C. 404, 272 S.E.2d 169 (1980). Unlike *Whipple*, Johnson's request to charge was denied on-the-record after an opportunity for discussion. Accordingly, the issue is preserved for review, and Johnson was not required to renew his request at the conclusion of the charge.

heated argument and "the decedent was about to initiate a physical encounter" when the shooting occurred.

■ Here, Johnson and the victim had "had words" and were engaged in a fight at the time the shooting occurred. Under *Lowry*, it is patent Johnson was entitled to a voluntary manslaughter charge. Accordingly, the judgment below is

**REVERSED AND REMANDED.**