THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Tracy Willard Daniels,       
Appellant.
 
 
 

Appeal From Florence County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2004-UP-394
Heard May 13, 2004  Filed June 22, 
 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, 
 and Solicitor Edgar Lewis Clements, of Florence, for Respondent.
 
 
 

PER CURIAM:  Tracy Willard Daniels was charged 
 with murder following a shooting death at his home.  His testimony at trial, 
 that the shooting was accidental, differed significantly from his statements 
 given at the scene and at the police station.  The trial court submitted voluntary 
 manslaughter as a lesser-included offense to the jury over Daniels objection 
 and the jury convicted him of that charge.  He appeals.  We affirm.
1.       We find no error in the trial courts decision 
 to submit voluntary manslaughter as a lesser-included offense of the indicted 
 offense of murder.  The statement Daniels gave at the police station, that the 
 shooting occurred immediately after the victim cut him, trying to cut off his 
 thumb, and threatened to turn his insides out, was sufficient to support the 
 voluntary manslaughter charge.  See State v. Locklair, 341 S.C. 
 352, 359, 535 S.E.2d 420, 424 (2000) (defining voluntary manslaughter as the 
 unlawful killing of another person in sudden heat of passion upon sufficient 
 legal provocation); State v. Lowry, 315 S.C. 396, 399, 434 S.E.2d 272, 
 274 (1993) (To warrant a courts eliminating the offense of manslaughter, it 
 should very clearly appear that there is no evidence whatsoever tending to reduce 
 the crime from murder to manslaughter.); Locklair, 341 S.C. at 360, 
 535 S.E.2d at 424 (explaining sudden heat of passion upon sufficient legal provocation 
 is such as would render the mind of an ordinary person incapable of cool reflection); 
 State v. Wiggins, 330 S.C. 538, 549, 500 S.E.2d 489, 495 (1998) (noting 
 fear can constitute a basis for voluntary manslaughter as the mind can be 
 rendered incapable of cool reflection by a number of strong emotions); State 
 v. Johnson, 333 S.C. 62, 65, 508 S.E.2d 29, 31 (1998) (Although words alone 
 may not constitute sufficient legal provocation, words accompanied by some overt, 
 threatening act may be sufficient.).  
2.       The trial court did not abuse its discretion 
 in excluding testimony that the victims medical condition and the substances 
 in his system might have made him agitated and affected his aggressiveness.  
 This evidence was speculative, might have confused the jury, and might have 
 unfairly prejudiced the jury against the victim.  See Rule 403, SCRE 
 (providing relevant evidence may be excluded if its probative value is substantially 
 outweighed by the danger of unfair prejudice, confusion of the issues, or misleading 
 the jury . . .); State v. Brown, 344 S.C. 302, 308, 543 S.E.2d 568, 
 571 (Ct. App. 2001) (noting rulings on the admissibility of evidence are left 
 to the trial courts sound discretion and will not be disturbed absent clear 
 abuse of that discretion).
AFFIRMED.
 HEARN, C.J., STILWELL, J., and CURETON, A.J., concur.