THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITIED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Allen Marty Cornwell, Appellant.
 
 
 

Appeal From Horry County
 John  L.  Breeden, Circuit Court Judge

Unpublished Opinion No. 2006-UP-296
Heard May 11, 2006  Filed June 26, 2006

AFFIRMED

 
 
 
 Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor John Gregory Hembree, of Conway,  for Respondent.
 
 
 

PER CURIAM:  Allen Marty Cornwell appeals his conviction for voluntary manslaughter.  Cornwell argues the trial judge erred in allowing the State to elicit a prior bad act and in refusing to direct a verdict on the charge of voluntary manslaughter.  We affirm. 
FACTS
In May 1997, Tyson Wolf and his family visited Cornwell, his step-grandfather, at Cornwells apartment in North Myrtle Beach.  Wolf and Cornwell consumed alcohol at the family gathering.  At some point in the evening, Wolf was slapped by his mother for talking back to her.  Shortly thereafter, the police arrived in response to a domestic disturbance report.  After a brief investigation, the police left.  Cornwell then went into his bedroom and closed the door. 
The family members became angry when they discovered Cornwell had called the police and used Wolfs step-fathers name instead of his own to report the domestic dispute.  Wolf began sobbing, went to the guest bedroom, and closed the door.  The other family members remained in the living room.  Moments later, Cornwell opened his bedroom door and had a gun in his hand.  Then, Wolf opened the guest bedroom door and said something to Cornwell. Cornwell shot Wolf in the chest.  Wolf later died from the wound.   
At trial, Cornwell testified that he, fearing for his life, shot Wolf.  Cornwell said Wolf charged him while he was sitting on his bed.  The trial judge charged the jury with self-defense and voluntary manslaughter.  The jury convicted Cornwell of voluntary manslaughter and the judge sentenced him to seventeen years imprisonment.  Cornwell appeals. 
LAW/ANALYSIS
Cornwell argues the trial judge erred in allowing the State to elicit a prior bad act and in refusing to direct a verdict on the charge of voluntary manslaughter.  We disagree. 
A.  Prior Bad Act
Cornwell asserts the trial judge erred in allowing the State to question him about a crime he committed two weeks prior to the crime he was charged with at trial.  The trial judges ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion that results in prejudice to the defendant. State v. Sosebee, 284 S.C. 411, 413, 326 S.E.2d 654, 656 (1985); State v. Hamilton, 344 S.C. 344, 352, 543 S.E.2d 586, 591 (Ct. App. 2001).  An abuse of discretion occurs when the trial judges ruling is based on an error of law.  State v. McDonald, 343 S.C. 319, 324, 540 S.E.2d 464, 467 (2000).  The trial judge may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Rule 403, SCRE; State v. Alexander, 303 S.C. 377, 382, 401 S.E.2d 146, 148 (1991); State v. Hess, 279 S.C. 14, 18, 301 S.E.2d 547, 550 (1983).  The trial judges Rule 403, SCRE, ruling will be reversed by the appellate court only in exceptional circumstances.  State v. Horton, 359 S.C. 555, 568, 598 S.E.2d 279, 286 (Ct. App. 2004).
Two weeks before the shooting, Cornwell pled no contest to the crime of simple assault and battery.  Cornwell struck his wifes friend multiple times after she slapped him.  Cornwell argued the trial judge should exclude the simple assault as overly prejudicial.  The State, however, argued that if Cornwell claimed he did not have the strength to defend himself against Wolf, the simple assault should be admitted as evidence Cornwell had the strength to defend himself.  The trial judge allowed the State to question Cornwell about the simple assault, but only if Cornwell first testified that he was unable to defend himself because he lacked the strength to do so.  Ultimately, the trial judge allowed the State to elicit the simple assault because Cornwell testified that he shot Wolf because he lacked the strength to fight him.   
Although we might have ruled differently, particularly because Cornwells ability to defend himself against his wifes friend appears to have little bearing on his ability to defend himself against his entire family, we do not find the trial judge erred in declining to exclude this evidence as overly prejudicial.  Hamilton, 344 S.C. 344, 358, 543 S.E.2d 586, 593-94 (Ct. App. 2001) (A trial judges balancing decision under Rule 403 should not be reversed simply because an appellate court believes it would have decided the matter otherwise because of a differing view of the highly subjective factors of the probative value or the prejudice presented by the evidence.).  Moreover, even if the trial judge erred, the error was harmless in light of the fact it could not have reasonably affected the outcome of this case.  State v. Key, 256 S.C. 90, 93, 180 S.E.2d 888, 890 (1971).  
B. Directed Verdict
Cornwell next asserts the trial judge erred in denying his directed verdict motion because there was no evidence he committed voluntary manslaughter.  On appeal from the denial of a directed verdict, the appellate court views the evidence in the light most favorable to the State.  State v. Lollis, 343 S.C. 580, 583, 541 S.E.2d 254, 256 (2001).  If there is any direct evidence or any substantial circumstantial evidence that reasonably tends to prove the defendants guilt, the appellate court must find the case was properly submitted to the jury.  Id.  A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged.  Id.  However, when the defendant presents testimony, he loses the right to have the court review the sufficiency of the evidence based on the [S]tates evidence alone.  State v. Harry, 321 S.C. 273, 277, 468 S.E.2d 76, 79 (Ct. App. 1996). 
The crime of voluntary manslaughter is defined as the intentional killing of a human being in the sudden heat of passion resulting from sufficient legal provocation.  State v. Nichols, 325 S.C. 111, 118, 481 S.E.2d 118, 122 (1997).  The provocation necessary to support a voluntary manslaughter charge must come from some act of the victim in order to constitute sufficient legal provocation.  State v. Tucker, 324 S.C. 155, 171, 478 S.E.2d 260, 269 (1996).  Words alone, no matter how opprobrious, are not sufficient to prove legal provocation when a deadly weapon is used.  State v. Locklair, 341 S.C. 352, 361, 535 S.E.2d 420, 424 (2000); State v. Gardner, 219 S.C. 97, 104, 64 S.E.2d 130, 134 (1951).  Rather, when death is caused by the use of a deadly weapon, the opprobrious words must be accompanied by the appearance of an assault that could have produced the heat of passion.  State v. Lowry, 315 S.C. 396, 399, 434 S.E.2d 272, 274 (1993).    
Here, there is evidence in the record Wolf provoked Cornwell beyond the mere use of opprobrious words.  Cornwell testified Wolf was about to initiate a physical encounter with him.  Cornwell said Wolf charged him while Cornwell sat on his bed.  Cornwell told the jury:

 [Wolf] just continued to cuss me and then he said, []Ill just kill you now, you son of a bitch[] and started and came through my door [], charging me as hard as he could go and when I shot him the bullet just stood him up and stopped him.  He spun and run out . . . .

(emphasis added).  In light of Cornwells testimony, we believe there is evidence in the record to support the charge of voluntary manslaughter.  Accordingly, the trial judges order is 
AFFIRMED.
Kittredge, Short, and Williams, JJ., concur.