THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 David Dwight
 Smith, Appellant.
 
 
 

Appeal From Spartanburg County
 Doyet A. Early, III, Circuit Court Judge
Unpublished Opinion No. 2008-UP-194
Heard November 6, 2007  Filed March 20,
 2008
REVERSED AND REMANDED 

 
 
 
 Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, and Assistant Deputy Attorney General Donald J.
 Zelenka, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg,
 for Respondent.
 
 
 

PER CURIAM:  David
 Dwight Smith (Smith) was convicted of murder and possession of a firearm during
 the commission of a violent crime.  He asserts on appeal the trial judge erred
 in refusing to instruct the jury on: 1) voluntary manslaughter, 2) involuntary
 manslaughter, and 3) accident.  We reverse and remand.
FACTS

Smith was indicted for murder and possession of a firearm during the
 commission of a violent crime.  The charges arose from the January 12, 1997
 shooting of Robert Finley (Finley). At trial, the jury found Smith guilty of
 both charges and the judge sentenced him to life imprisonment for murder and
 five years, concurrent, for possession of a firearm during the commission of a
 violent crime.
 
 
 
Smith
 unsuccessfully appealed his case and then filed an application for
 post-conviction relief (PCR) alleging (1) ineffective assistance of counsel and
 (2) failure to call an expert witness.  After a hearing, the judge granted
 Smith post-conviction relief. 
 
 
Smith was
 retried on October 31, 2005.  The jury found him guilty of both charges. The
 judge sentenced him to imprisonment for thirty-five years for murder and five
 years, concurrent, for possession of a firearm during the commission of a
 violent crime. 
 
 
At trial,
 testimony revealed that at approximately 2:30 a.m. on the night in question
 Finley walked to Otis Hyders (Hyder) mobile home to use his phone.  Finley
 wanted to purchase some crack cocaine and called a dealer, Rodney Smith
 (Rodney).[1]  Rodney refused to help Finley, but Rodneys sister, Angie Smith (Angie),
 volunteered to set up a drug buy between Finley and another dealer, Smith. 
 Smith picked Angie up at home and the two drove to meet Finley at Otis Hyders
 mobile home. 
 
 
Initially,
 Smith stayed in the car while Angie entered Hyders trailer. She attempted to
 facilitate the drug deal, but Finley wanted to deal with Smith directly.  Angie
 returned to the car and informed Smith of the situation.  Smith walked into the
 trailer; once inside Smith realized Finley did not have money for the deal and
 that Finley insisted on keeping the drugs.  Smith testified that Finley tried
 to rob him.  The situation escalated into a fight and struggle over control of
 a firearm that was in Smiths possession.  During the fight, the firearm
 discharged striking Finley in the left eye killing him. 
 
 
During the first trial, Judge Derham Cole charged the jury on the law
 of voluntary manslaughter, involuntary manslaughter, and accident, the three
 charges at issue in this appeal.  In the case at hand, Judge Jack Early charged
 the jury on murder and self-defense. In addition, Smith requested charges on voluntary
 manslaughter, involuntary manslaughter, and accident, which the judge denied.

 
 STANDARD OF REVIEW
 In
 criminal cases, the appellate court sits to review errors of law only. State
 v. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001); State v.
 Wood, 362 S.C. 520, 525, 608 S.E.2d 435, 438 (Ct. App. 2004).  Generally,
 the trial judge is required to charge only the current and correct law of South Carolina.  Sheppard v. State, 357 S.C. 646, 665, 594 S.E.2d 462, 472-73
 (2004); State v. Brown, 362 S.C. 258, 261-62, 607 S.E.2d 93, 95 (Ct.
 App. 2004). The law
 to be charged must be determined from the evidence presented at trial.  State
 v. Patterson, 367 S.C. 219, 231, 625 S.E.2d 239, 245 (Ct. App. 2006). 
 If any evidence supports a jury charge, the trial judge should grant the
 request.  Brown, 362 S.C. at 262, 607 S.E.2d at 95.  Due process
 requires that a lesser included offense be charged when the evidence warrants
 it but only if the evidence would permit a jury rationally to find the
 defendant guilty of the lesser offense.  State v. Small, 307 S.C. 92,
 94, 413 S.E.2d 870, 871 (Ct. App. 1992).  To warrant reversal, a trial court's
 refusal to give a requested jury charge must be both
 erroneous and prejudicial to the defendant.  Patterson, 367 S.C. at 232, 625 S.E.2d at 245.
  
 DISCUSSION
 ISSUE:
 Did the trial judge err in refusing to charge
 voluntary manslaughter, involuntary manslaughter, and accident?
 Voluntary Manslaughter
 First, Smith contends that his murder conviction should be
 reversed and remanded for a new trial based on the trial judges failure to
 charge the jury on the law of voluntary manslaughter.  We agree.
 Voluntary manslaughter is defined as the unlawful
 killing of a human being in the sudden heat of passion upon sufficient legal
 provocation. State v. Knoten, 347 S.C. 296, 302, 555 S.E.2d 391,
 394 (2001).  Both heat of passion and sufficient legal provocation must be
 present for the killing to constitute voluntary manslaughter. Id. at
 302, 555 S.E.2d at 394; State v. Cole, 338 S.C. 97, 101-02, 525
 S.E.2d 511, 513 (2000).
 [T]o warrant the
 Court in eliminating the offense of manslaughter it should very clearly appear
 that there is no evidence whatsoever tending to reduce the crime from murder to
 manslaughter. State v. Gardner, 219 S.C. 97, 64 S.E.2d 130, 134
 (1951) (citing State v. Norton, 28 S.C. 572, 6 S.E. 820 (1888)).
 Moreover, South Carolina case law consistently holds that a request to charge a
 lesser included offense is properly refused only when there is no evidence that
 the defendant committed the lesser rather than the greater offense.  See State v. Goldenbaum, 294 S.C. 455, 457, 365 S.E.2d 731, 732
 (1988).  In determining
 whether the evidence requires a charge on voluntary manslaughter, this Court
 must view the facts in the light most favorable to
 the defendant. Cole, 338 S.C. at 101, 525 S.E.2d at 512-13 (citing State
 v. Byrd, 323 S.C. 319, 474 S.E.2d 430 (1996)).
 The
 record supports a charge on the law of voluntary manslaughter.  Smith claims the
 victim was attempting to rob him thereby provoking the altercation which he
 ultimately claims caused the alleged accidental shooting.  Smith specifically
 testified that Finley was coming toward me, the expression on his face and
 everything was a real serious demeanor, and I, you know, I didnt know what to
 expect from him next: . . . [h]e looked like he was on something.  Smith
 further stated, [a]s I said, he had this look about him, and he was
 approaching me.  So, I took the gun out of my pocket hoping that if he saw it,
 that maybe he would cease.  Smith also testified that Finley tries to knock
 the gun out my hand.  He hit me with the left, with the left arm and grabbed me
 in my collar of the jacket . . . I thought I was gonna lose the gun.  He had
 hit it and I got the grip on the gun and hes got me . . . I went to defend
 myself.  I threw my left arm over his, over his arm that he had me grab, and I
 hit him with the butt of the gun. . . . I was trying to get out of there . . . He
 was coming up on me, I was afraid. . . . I was hitting him with the gun and it
 went off and hit him in the face.  
 This testimony, coupled with the testimony of Angie who described
 the encounter right before the shot was fired as two men scuffling and falling
 out of the trailer door, sufficiently depicts a fight between Finley and Smith immediately
 preceding the shooting and after Smith claimed Finley was trying to rob him.  Thus,
 the record contains testimony from Smith that Finley initiated the physical
 confrontation by trying to rob him and aggressively approaching him.  Smith
 testified he was trying to escape the situation and feared Finley would gain
 possession of the firearm.  Moreover, Smith testified that the discharge of the
 pistol was a [f]luke accident.  I was hitting him with the gun and it went off
 and hit him in the face.  Smith testified I didnt intend to use it, and I
 never pointed it at him. 
 The trial judge, in denying Smiths request to charge voluntary
 manslaughter, determined that there was insufficient evidence to show sudden
 heat of passion although Smith claimed Finley tried to rob him and that they
 were fighting.  In State v. Davis, 278 S.C. 544, 298 S.E.2d 778 (1983), the
 court found that a voluntary manslaughter charge was appropriate where a
 witness testified that appellant and the victim had been fighting. From this
 circumstance of provocation and heat of passion, guilt of voluntary
 manslaughter could be fairly and logically deduced and was thus a proper matter
 for jury determination. Id. at 546, 298 S.E.2d at 779 (citing State
 v. Kahan, 268 S.C. 240, 233 S.E.2d 293 (1977)).
 Viewing the case at hand in the light most favorable to Smith, the
 requested charge is appropriate.  Cole, 338 S.C. at 101, 525 S.E.2d at
 513.  The trial judge charged self-defense[2] but declined to also charge voluntary manslaughter. If the trial judge
 concluded, as the solicitor argued, that the element of legal provocation could
 not be simultaneously used in support of both self-defense as well as voluntary
 manslaughter, that conclusion nonetheless constitutes legal error. 
 
 Both self-defense and the lesser included offense of voluntary
 manslaughter should be submitted to the jury if supported by the evidence. 
 State
 v. Linder, 276 S.C. 304, 278 S.E.2d 335 (1981). The rationale for
 this rule is that the jury may fail to find all the elements of self-defense
 but could find sufficient legal provocation and heat of passion to conclude the
 defendant was guilty of voluntary manslaughter. Id.

 State v. Gilliam, 296 S.C. 395, 396-97, 373 S.E.2d 596, 597 (1988).  
 
 Further,
 any concern about whether the defendant was acting with presumed malice (or a
 mandatory presumption of malice) as a matter of law because of the alleged
 commission of a felony has recently been answered and revisited by our supreme
 court in Lowry v. State, Op. No. 26436 (S.C. Sup. Ct. filed Feb. 11,
 2008). In Lowry, the supreme court rejected the presumed malice (substantive
 rule of law) approach to the felony murder rule as unconstitutionally shifting
 the states burden of proof on the issue of malice.  The court continues to
 adhere to precedent regarding the alternative inference of malice approach
 suggested in State v. Norris, 285 S.C. 86, 92, 328 S.E.2d 339, 342
 (1985) (overruled on other grounds by State v. Torrence, 305 S.C. 45,
 406 S.E.2d 315 (1991).   Any implication of malice arising from an act
 occurring during the commission of a felony may be accepted or rejected by the
 jury as it deems appropriate.
 We,
 therefore, respectfully find the trial judge should have instructed the jury on
 voluntary manslaughter and that Smith was prejudiced by the failure to charge
 the lesser offense.  Because we reverse on the issue of voluntary manslaughter,
 we need not address the remaining issues presented. Whiteside v. Cherokee County School Dist.
 No. One, 311 S.C. 335,
 340, 428 S.E.2d 886, 889 (1993) (appellate court need not address remaining
 issues when resolution of prior issue is dispositive).
 CONCLUSION
 We respectfully conclude the trial court
 erred in refusing to instruct the jury on voluntary manslaughter; we also find
 that Smith was prejudiced by this error.  Therefore, we reverse the conviction
 and remand the case to the circuit court for a new trial.  Furthermore, in
 reversing Smiths murder conviction, we must also reverse the conviction for
 possession of a firearm during the commission of a violent crime because the
 former conviction is a prerequisite to the latter.  E.g., S.C. Code Ann.
 § 16-23-490(E) (2003) (noting the additional punishment for possession of a
 firearm during the commission of a violent crime may not be imposed unless the
 defendant is convicted of the underlying violent crime); State v. Taylor, 356 S.C. 227, 235 n.4, 589 S.E.2d 1, 5 n.4 (2003) (noting defendant's
 conviction for possession of a weapon during the commission of a violent crime
 must be reversed where the court was reversing defendant's murder conviction).  Based
 on the foregoing, Smiths convictions are hereby
 REVERSED
 AND REMANDED.
 HUFF
 and PIEPER, JJ., and CURETON, A.J., concur.

[1] Since the appellant is referred to as Smith
 throughout this order and there are two key witnesses named Rodney Smith and
 Angie Smith, these witnesses will be referred to as Rodney and Angie
 respectively to avoid any confusion.
[2] No issues on appeal have been argued as to the
 judges charge of self-defense.