THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Zachary Marquis
 Fowler, Appellant.
 
 
 
 
 

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2010-UP-372
 Submitted June 1, 2010  Filed July 21,
2010    

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L.
 Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Donald J. Zelenka, Assistant Attorney General J. Anthony Mabry, all of
 Columbia; and Solicitor Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Zachary Marquis Fowler was convicted of
 murder, armed robbery, assault and battery with the intent to kill (ABWIK),
 assault with the intent to kill, possession of a weapon during the commission
 of a violent crime, and unlawful possession of a firearm.  Fowler appeals only his
 murder conviction and corresponding life imprisonment sentence, arguing the
 trial court erred in refusing to instruct the jury on the law of voluntary
 manslaughter.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  State v. Cole, 338 S.C. 97, 101, 525 S.E.2d 511, 513
 (2000) ("Voluntary manslaughter is the unlawful killing of a human being
 in sudden heat of passion upon sufficient legal provocation."); State
 v. Lowry, 315 S.C. 396, 399, 434 S.E.2d 272, 274 (1993) ("To warrant a
 court's eliminating the offense of manslaughter, it should very clearly appear
 that there is no evidence whatsoever tending to reduce the crime from murder to
 manslaughter."); see also S.C. Code Ann. § 16-3-50 (2003) (defining
 manslaughter as "the unlawful killing of another without malice, express
 or implied"); S.C. Code Ann. § 16-1-90 (Supp. 2009) (stating armed robbery
 and possession of a weapon during the commission of a violent crime are
 felonies); S.C. Code Ann. § 16-3-620 (2003) (classifying ABWIK as a felony); State
 v. Avery, 333 S.C. 284, 294, 509 S.E.2d 476, 481 (1999) (holding malice can
 be inferred if a person intentionally kills another during the commission of a
 felony).
AFFIRMED.
SHORT,
 KONDUROS, and GEATHERS,
 JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.