THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Billy Jo
 Shirar, Appellant.
 
 
 

Appeal From Berkeley County
 R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No.  2011-UP-466
 Submitted October 1, 2011  Filed October
21, 2011

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L.
 Savitz, III, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Billy
 Jo Shirar appeals his conviction for voluntary manslaughter, arguing the circuit
 court erred in instructing the jury on voluntary manslaughter when no evidence was
 presented showing Shirar acted in the heat of passion.  We affirm.[1]
The circuit court is required
 to charge only the correct and current law of South Carolina.  State v. Brown,
 362 S.C. 258, 261-62, 607 S.E.2d 93, 95 (Ct. App. 2004).  Accordingly, if any
 evidence supports a jury charge, the circuit court should grant the request.  Id.  "An appellate court will not reverse the [circuit court's] decision
 absent an abuse of discretion."  State v. Pittman, 373 S.C. 527,
 570, 647 S.E.2d 144, 166 (2007) (internal citations omitted).  "Voluntary
 manslaughter is the unlawful killing of a human being in sudden heat of passion
 upon sufficient legal provocation."  State v. Cole, 338 S.C. 97,
 101, 525 S.E.2d 511, 513 (2000).  An instruction on voluntary manslaughter is
 proper in a murder case unless no evidence tends to show the defendant acted in
 the heat of passion upon sufficient legal provocation.  See State v.
 Davis, 278 S.C. 544, 546, 298 S.E.2d 778, 779 (1983) (holding witness's
 testimony that defendant and victim had been fighting was circumstance of
 provocation and heat of passion and guilt of voluntary manslaughter could be
 logically deduced and was thus properly submitted to the jury).
The circuit court did not err
 in instructing the jury on voluntary manslaughter.  Shirar testified he was
 attacked by the victims, engaged in a violent "rumble," and "out
 of fear for [his] life" began stabbing his attackers.  According to
 Shirar, one of the victims was on top of him striking him when he began
 stabbing her.  Shirar further testified his first thought after the fight ended
 was "wow . . . what just happened."  Shirar's testimony provides evidence
 of sufficient legal provocation and that Shirar acted in the heat of passion.  See id.
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.